IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| **METAL FOUNDATIONS, LLC,** | : Bankruptcy No. 11-22843JAD |
| Debtor, | : Chapter 7 |
| **CHARLES M. FORMAN, CHAPTER 7 TRUSTEE FOR STIRLING ENERGY SYSTEMS, INC., f/k/a STIRLING ENERGY SYSTEMS MANUFACTURING, INC.,** | : Adv. No. 13-2337JAD : Doc. No. 7 |
| Plaintiff, | : |
| v. | : |
| **THE BANKRUPTCY ESTATE OF METAL FOUNDATIONS, LLC and PAMELA J. WILSON, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF METAL FOUNDATIONS, LLC,** | : |
| Defendants. | : X |

## MEMORANDUM OPINION

The matter before the Court is the *Rule 12(b) Motion to Dismiss Plaintiff's Complaint to Avoid and Recover Preferential Transfers* filed by Defendants. The Defendants seek to have the complaint dismissed primarily based upon the holding in the decision by the United States Court of Appeals for the Third Circuit in the case of <u>Lewis v. Diethorn</u>, 893 F.2d 648 (3d Cir. 1990) that a prepetition settlement of a lawsuit was not a preferential transfer. For the reasons expressed below, the *Motion to Dismiss* shall be denied.

I.

Both Plaintiff and Defendant entities are debtors in bankruptcy. Prior to the bankruptcy petitions of the Plaintiff and Defendant Metal Foundations, LLC, the parties

00010970.WPD

had a business relationship. Stirling was in the business of designing and developing solar power solutions for utility-scale renewable energy power plants. Metal Foundations, LLC designed and developed foundations made from metal that could be utilized in the solar context.

On July 23, 2009, Metal Foundations, LLC ("Metal Foundations"), along with several related entities, filed a complaint against Stirling Energy Systems, Inc. ("Stirling") and a related entity in the United States District Court for the Western District of Pennsylvania. The complaint was subsequently amended three different times as counts and parties were dropped, added and/or changed with each amendment. The Third Amended Complaint was filed December 6, 2010 which contained five counts against Stirling: (1) preliminary injunction; (2) breach of contract (regarding a confidentiality agreement); (3) false/fraudulent misrepresentation; (4) violation of Pennsylvania Uniform Trade Secrets Act; and (5) unfair competition.

On May 2, 2011, Metal Foundations filed its voluntary Chapter 11 petition. A Chapter 11 Trustee was appointed on May 17, 2011. During the tenure of the Chapter 11 Trustee, a settlement of the litigation between Metal Foundations and Stirling was finalized (the "Settlement Agreement") and was approved by this Court on August 12, 2011. After the approval of the settlement, Stirling filed a voluntary Chapter 7 petition on September 22, 2011 in the United States Bankruptcy Court for the District of Delaware.

Subsequent to the approval of the Settlement Agreement, the Metal Foundations case was converted to a Chapter 7 proceeding on January 27, 2012. Pamela J. Wilson was appointed as Chapter 7 Trustee after the resignation of the Chapter 7 Trustee initially appointed.

The settlement terms provided for Stirling and its codefendant to pay the sum of $175,000 to the bankruptcy estate of Metal Foundations and the related estate of Power Contracting, Inc. ("Power")(Case No. 11-22841JAD). A check in the amount of $87,500 was submitted by Stirling to the Chapter 11 Trustee of Metal and Power of which $43,750 was deposited into an account for Metal Foundations on or about September 2, 2011.

The Settlement Agreement provided, in relevant part, that in exchange for the receipt of the settlement funds Metal Foundations released and discharged Stirling from any and all claims. It also stated that the Settlement Agreement was not to be construed as any form of admission of liability by Stirling. Further, the Settlement Agreement stated that Metal Foundations and its related plaintiffs:

> [C]oncede that [Stirling] possess the unrestricted right to make, purchase, use, install, offer to sell, sell, and/or import foundations for solar dishes, whether those foundations are metal or any other material, finned, one-piece or any other configuration, and that Plaintiffs do not and will not claim that such manufacture, purchase, use, installation, offer of sale, sale, and/or import of such foundations, or the transfer, by sale, assignment, or any other means of Defendants' knowledge as to how to manufacture, use, install or sell such foundations, constitutes a misappropriation or infringement of Plaintiffs' proprietary information and/or other legal rights and/or any other rights released by Plaintiffs in this Agreement.

See Doc. No. 7, Ex. 1, ¶8.

The Chapter 7 Trustee of the Stirling bankruptcy now seeks to recover the $43,750 payment made to Metal Foundations as a preferential transfer. A hearing was held on the *Motion to Dismiss* filed by the Chapter 7 Trustee of the Metal Foundations bankruptcy estate and the Court now decides the matter.

## II.

Pursuant to Fed.R.Civ.P. 12(b)(6), made applicable by Fed.R.Bankr.P. 7012, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." A court is to review the complaint in the light most favorable to the plaintiff.

See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). The Supreme Court set forth a "plausibility standard" for overcoming a motion to dismiss in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) that requires "enough facts to state a claim to relief that is plausible on its face". The plausibility requirement contemplates "more than a sheer possibility that a defendant has acted unlawfully." Aschroft v. Iqbal, 556 U.S. 662, 678 citing Twombly, supra 550 U.S. at 556. In light of the decisions of Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has found that the determination of the sufficiency of a complaint is a three step process. The court is to: (1) take note of the elements that must be pled to state the claim; (2) identify allegations that are not entitled to the assumption of truth because they are no more than conclusions; and (3) assume the veracity of well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement for relief. See Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010).

As to the elements of a preference claim, the trustee must show that the transfer of an interest of the debtor in property was: to or for the benefit of the creditor; for or on account of an antecedent debt; made while the debtor was insolvent; made within ninety days prior to the filing; and that the transfer enabled the creditor to receive more than it would have if the case had been in Chapter 7 and the transfer not made. See 11 U.S.C. §547(b). With respect to affirmative defenses, a transfer may not be avoided, however, to the extent that it was a contemporaneous exchange for new value given to the debtor. See 11 U.S.C. §547(c).

### III.

The *Motion to Dismiss* is premised on the argument that the transfer of funds made in accordance with the Settlement Agreement is not a preferential transfer because it was

not based on an antecedent debt and/or it was a contemporaneous exchange for new value. In support of its argument, Metal Foundations relies upon the Third Circuit's holding in Lewis v. Diethorn, 893 F.2d 648 (3d Cir. 1990). Metal Foundations also asserts that the claim of Stirling, if any, is to be accorded the priority of a general unsecured claim. Stirling counters the argument of Metal Foundations by asserting that the transfer was for an antecedent debt and did not constitute new value. Further, Stirling responds that it holds an administrative claim in the Metal Foundations bankruptcy estate.

In Lewis, supra, a home builder entered into a settlement agreement with a prospective home purchaser and then filed bankruptcy approximately one month later. The prospective purchasers had sued for specific performance and placed a *lis pendens* against the subject property. The settlement provided for the home builder to pay a sum of money to the plaintiffs and to return their earnest money. The plaintiffs agreed to terminate the lawsuit and remove the *lis pendens*.

The Chapter 7 trustee of the home builder's estate sued the prospective purchasers asserting that they had received a preference. The United States Court of Appeals for the Third Circuit, in reversing both the bankruptcy court and district court, held that the transfer was not preferential because it did not meet the statutory requirements. It found that the transfer was not for or on account of antecedent debt owed by the debtor and further that the transfer was a contemporaneous exchange for new value. The Lewis court stated that the home builder received the freedom from the risk of litigation and the rise in value of the property as a result of the lifting of the *lis pendens* on the real property. 893 F.2d at 650.

The Lewis decision has been oft-criticized and not widely followed. See e.g., Buffalo Molded Plastics, Inc. v. Omega Tool Corp. (In re Buffalo Molded Plastics, Inc.), 344 B.R. 394 (Bankr. W.D. Pa. 2006)(recognizing disagreement); Peltz v. Vancil (In re Bridge Information Systems, Inc.), 302 B.R. 41 (Bankr. E.D. Mo. 2003)(Lewis is inconsistent with policy objectives of 11 U.S.C. §547(b)); Bioplasty, Inc. v. First Trust Nat'l Ass'n (In re Bioplasty), 155 B.R. 495 (Bankr. D. Minn. 1993)(opinion contains insufficient analysis and makes conclusory statements). This Court is required to follow precedent set by the United States Court of Appeals for the Third Circuit. However, for the reasons below, this Court finds that the Lewis case, regardless of whether it was decided correctly, is not applicable to the case before it in the context of this *Motion to Dismiss*.

Metal Foundations argues that this case is similar to that of Lewis because, like the plaintiff in Lewis, Stirling received not just the freedom of the monetary liability but also the freedom from the risk of litigation. In addition, Metal Foundations asserts that the settlement resolved other contested issues between the parties. At the hearing on this *Motion to Dismiss*, Metal Foundations argued that Stirling received the additional consideration of the use of Metal's Foundations proprietary information regarding the foundations business.

Metal Foundations does not articulate an argument as to why the subject transfer was not an antecedent debt beyond its reliance on the decision in Lewis. While Lewis found that the transfer of funds per the settlement was not on account of an antecedent debt, it did not engage in significant analysis of that issue. Rather, the holding relied upon the consideration received by the debtor. Lewis, 893 F.2d at 650. It was also found that even if the transfer had been on account of an antecedent debt, it would have been protected from avoidance because it was in satisfaction of an equitable lien. Accordingly,

it would fail to meet the statutory requirements of 11 U.S.C. §547(b)(5). Id. In the present case, there is no equitable lien or its equivalent.

A debt is a liability on a claim which is defined as a right to payment - regardless of whether the right is reduced to judgment, unliquidated or contingent. See 11 U.S.C. §101(5)(A), (12). "A debt is *antecedent* for purposes of §547(b) if it was incurred before the debtor made the allegedly preferential transfer." Peltz v. New Age Consulting Svcs., Inc., 279 B.R. 99, 102 (Bankr. D. Del. 2002); see also Burtch v. Huston (In re USDigital, Inc.) 443 B.R. 22, 36 (Bankr. D. Del. 2011). Stirling has alleged that it was indebted to Metal Foundations for the alleged actions which accrued prior to the lawsuit brought by Metal Foundations. Based on statutory and case law, for purposes of deciding this *Motion to Dismiss,* Stirling's allegations of antecedent debt are sufficiently plausible.

Regarding the assertion of a contemporaneous exchange for new value, Stirling disputes that any information or knowledge regarding metal foundations that it possessed was ever the property of Metal Foundations. Accordingly, it argues, it cannot have received value from the settlement for something that it already possessed. Indeed, the language of the Settlement Agreement would appear to support this position. The Settlement Agreement plainly states that Metal Foundations (and the other plaintiffs) concede that Stirling possesses the unrestricted right to make, purchase, install, etc. foundations for solar dishes.[1] The same sentence in the Settlement Agreement goes on to state that Metal Foundations does not claim that the manufacture or use of the foundations by Stirling or the sale of Stirling's knowledge as to how to manufacture or

---

[1] The word "concede" has been defined as admitting that something is true or valid after first denying it. See http://english.oxforddictionaries.com/definition/concede?region=us.

use the foundations constitutes a misappropriation or infringement of Metal's proprietary information. Such language does not comport with Metal Foundations' contention that the settlement provides the use of its proprietary information to Stirling. At best, there is a factual issue that cannot be resolved in the context of a motion to dismiss.[2]

Under the standard for a motion to dismiss, the court must take all facts as alleged in favor of the plaintiff. See e.g., Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Doing so, the Court cannot conclude that the alleged proprietary information of Metal Foundations was, in fact, proprietary or not already lawfully in Stirling's possession. Accordingly, based on the present record, the Court cannot conclude that the subject preference action falls within the parameters of the Lewis decision. Rather, the settlement between Metal and Stirling appears to be distinguishable from that in Lewis. As of the present record, the Court is unable to discern anything in the Settlement Agreement comparable to the release of the *lis pendens* in Lewis that would constitute new value beyond the freedom from risk of litigation. Absent the clear applicability of Lewis, Stirling has met the plausibility requirement and has pled sufficiently to state a claim for relief. Accordingly, there is no basis to grant the *Motion to Dismiss*.

### IV.

In its *Motion to Dismiss*, Metal Foundations contends that Stirling's claim, if found to be valid, is only a general unsecured claim. Stirling has not raised the issue of the

---

[2] The Court need not convert this *Motion to Dismiss* to one of summary judgment because all of the matters that must be considered are attached to the complaint and are of public record. See Aubrey v. City of Bethlehem, Fire Dept., 466 Fed. Appx. 88 (3d Cir. 2012).

priority of its claim in this adversary proceeding. Accordingly, any determination of the priority of Stirling's claim in the context of this *Motion to Dismiss* is not within the scope of this matter and is premature. In addition, a proof of claim seeking administrative expense status has been filed by Stirling. A proof of claim is deemed valid unless an objection is filed.

For the reasons expressed above, an appropriate order shall be entered that denies the *Rule 12(b) Motion to Dismiss Plaintiff's Complaint to Avoid and Recover Preferential Transfers* filed by Defendants.

January 21, 2014

/s/ Jeffery A. Deller
JEFFERY A. DELLER
Chief U.S. Bankruptcy Judge

case administrator to serve:

Charles O. Zebely, Esq.
Pamela J. Wilson, Esq.
Angela Sheffler Abreu, Esq.

**FILED**

JAN 21 2014

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA